IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) SANDRA ROGERS, individually and as ) personal representative of the ESTATE OF ) DUSTIN ROGERS; and ) CRANE INSPECTION SERVICES, INC., ) ) Defendants. ) | CIVIL ACTION NO: 16-527 |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the plaintiff, Mesa Underwriters Specialty Insurance Company (hereinafter "Mesa"), and respectfully submits this Complaint for Declaratory Judgment pursuant to Rule 57, Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq*. As grounds for its Complaint, Mesa states as follows:

### PARTIES

1. Plaintiff Mesa is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Phoenix, Arizona.

2. Defendant Sandra Rogers is an individual over the age of nineteen (19) and, upon information and belief was a resident of Alabama at all times relevant hereto. On or around September 19, 2013, the Probate Court of Mobile County,

Alabama granted Letters of Administration naming Sandra Rogers as the personal representative of the Estate of Dustin Rogers.

3. Defendant Crane Inspection Services, Inc. is an entity organized and existing under the laws of the State of Alabama with its principal place of business in Fairhope, Alabama.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201 and Rule 57, *Federal Rules of Civil Procedure*, and other applicable laws because an actual controversy exists as to whether Mesa owes a duty to defend and indemnify Crane Inspection Services for claims asserted against Crane Inspection Services by Sandra Rogers, *et al.* in the *Sandra Rogers, et al. v. BBC Chartering USA, LLC, et al.* litigation, bearing CV-2016-901012, pending in the Circuit Court of Mobile County, Alabama. (A copy of said Complaint, as well as the First Amended Complaint, is attached hereto as Exhibit "A").

5. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00) and this controversy is between citizens of different states. In her Complaint, Sandra Rogers, *et al.* seeks recovery of compensatory and punitive damages.

## FACTS

6. All claims asserted by Sandra Rogers, *et al.* against Crane Inspection Services by way of the Complaints referenced above, arise out of and relate to work allegedly performed by Crane Inspection Services on a vessel's (BBC Louisiana) crane. The underlying Complaints allege that, on or around September 7, 2013, a steel rail being lifted via the ship's crane came loose, fell and struck the Decedent, Dustin Rogers. Sandra Rogers, *et al.* claim that Crane Inspection Services and the other named defendants are responsible as a result of their various involvement with the crane. (See Complaints, attached as Exhibit "A").

7. Crane Inspection Services is in the business of inspecting industrial cranes and certifying the same as OSHA compliant.

8. Mesa issued a Commercial General Liability Policy, bearing policy number MP0001001002490, to Crane Inspection Services with an effective policy period from December 19, 2012 to December 19, 2013. (A copy of the Mesa policy is attached hereto as Exhibit "B").

9. Crane Inspection Services has demanded that Mesa defend and indemnify Crane Inspection Services for the claims of Sandra Rogers and her minor children in the above-referenced lawsuit. Mesa has previously advised Crane Inspection Services that no coverage is afforded to Crane Inspection Services under

its General Liability Policy, and Mesa has reserved its rights to seek resolution of coverage questions while providing a defense to Crane Inspection Services in the underlying litigation.

10. Mesa submits that no duty exists under the Mesa policy issued to Crane Inspection Services to defend or indemnify Crane Inspection Services for the claims by Sandra Rogers, *et al.* because the alleged conduct on the part of Crane Inspection Services constitutes a professional service and is excluded by the "Inspection, Appraisal and Survey Companies" exclusion contained in Form CG 22 24 07 98 Form. Additionally, the policy contains a punitive or exemplary damages exclusion and other provisions which apply to preclude coverage for the claims in the underlying lawsuit.

11. Based on the clear and unambiguous language of Mesa's policy, Mesa asserts that a judicable controversy exists as to whether a duty exists for it to defend and indemnify Crane Inspection Services for any claims asserted and/or damages allegedly suffered by Sandra Rogers, the Estate of Dustin Rogers and/or the minor children, Dallas and Landon Rogers. Mesa asserts that it is not responsible for and does not owe defense or indemnity to Crane Inspection Services for the claims of Sandra Rogers, *et al*.

12. The CGL policy issued to Crane Inspection Services contains certain terms, conditions and exclusions which are relevant to the duty of Mesa to defend and indemnify Crane Inspection Services against the claims of Sandra Rogers, *et al.*

13. Mesa now petitions this Court for an Order declaring that under its policy, Mesa has no duty to defend or provide indemnification or coverage for Sandra Rogers', *et al.* claims against Crane Inspection Services in the underlying lawsuit.

## COUNT I

14. Mesa adopts and incorporates paragraphs 1 through 13 as if fully restated and set forth herein.

15. Form CG 22 24 07 98 of the subject Mesa CGL policy contains exclusions, terms and conditions relevant to the duty on the part of Mesa to defend and indemnify Crane Inspection Services against the claims of Sandra Rogers, *et al.* In particular, the "Inspection, Appraisal and Survey Companies" exclusion precludes coverage for Sandra Rogers', *et al.* claims against Crane Inspection Services.

16. The Inspection, Appraisal and Survey Companies Exclusion states:

**EXCLUSION - INSPECTION, APPRAISAL AND SURVEY COMPANIES**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE

PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability and Paragraph 2., Exclusion of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for which the insured may be held liable because of the rendering of or failure to render professional services in the performance of any claim, investigation, adjustment, engineering, inspection, appraisal, survey or audit services.

17. Crane Inspection Services' only involvement with the crane which allegedly caused Dustin Rogers' death was the inspection and certification that the crane or its parts were in compliance with OSHA standards.

18. Because all claims asserted by Sandra Rogers, *et al.* arise out of and relate to the alleged failure on the part of Crane Inspection Services to render professional services, in particular the appropriate inspection and certification of the subject vessel's crane, such claims are precluded from coverage by way of the Inspection, Appraisal and Survey Companies exclusion.

19. Mesa therefore petitions this Court for an order declaring that under its policy, Mesa has no duty to defend or provide any indemnification and/or coverage for Crane Inspection Services in the underlying lawsuit.

## COUNT II

20. Mesa adopts and incorporates paragraphs 1 through 19 as if fully restated and set forth herein.

21. Pursuant to the Punitive or Exemplary Damages Exclusion contained in Form MUS 01 01 20003 0412, certain damages sought by Sandra Rogers, *et al.* in the underlying lawsuit are excluded from coverage.

22. Specifically, the Punitive or Exemplary Damages Exclusion states as follows:

> In consideration for the premium charged, it is understood and agreed that the following shall apply to this policy:
>
> * * *
>
> PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION
>
> This policy does not apply to any claim or indemnification for punitive or exemplary damages. If a suit is brought against the Insured for a claim falling within the coverage provided by the policy, seeking both compensatory and punitive or exemplary damages, then the Company will afford a defense to such action. The Company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

23. Mesa now petitions this Court for an order declaring that under its policy, Mesa has no duty to defend or provide any indemnification and/or coverage

for Crane Inspection Services in the underlying lawsuit against claims for punitive damages.

## CLAIM FOR RELIEF

24. Mesa submits to this Court that no duty exists to defend or indemnify Crane Inspection Services under the subject insurance policy for the claims or damages asserted by Sandra Rogers, *et al.* against Crane Inspection Services in the *Sandra Rogers, et al. v. BBC Chartering USA, LLC, et al.* litigation. These reasons include, but are not limited to the following:

    a. The Inspection, Appraisal and Survey Companies exclusion precludes coverage; and

    b. The Punitive or Exemplary Damages Exclusion precludes coverage.

25. Additional terms and conditions of the various portions of the Mesa policy issued to Crane Inspection Services may apply and operate to bar and exclude coverage of the claims made by Sandra Rogers, *et al.* By filing this Complaint for Declaratory Judgment, Mesa does not waive, but specifically reserves the right to enforce any and all terms and conditions of the subject insurance policy.

26. Mesa requests this Court take jurisdiction over this declaratory judgment action and, upon a hearing of all relevant evidence, determine that Mesa has no

obligation or duty under the Mesa insurance policy to defend or indemnify Crane Inspection Services for any of the claims or damages asserted by Sandra Rogers, *et al.* in the underlying lawsuit.

27. Mesa also requests this Court to grant any and all additional or different relief as may be appropriate in order to establish substantial justice among the parties.

WHEREFORE, PREMISES CONSIDERED, Mesa requests this Court to take jurisdiction of this dispute and, upon hearing the issues presented above and any other matters that may arise during the course of this litigation, enter judgment on behalf of and in favor of Mesa declaring that it owes no duty to defend or indemnify Crane Inspection Services for any claims asserted, or sought to be asserted by Sandra Rogers, individually and on behalf of any other plaintiff in the underlying lawsuit.

Respectfully submitted,

*/s/Christopher J. Zulanas*
Christopher J. Zulanas
Bar ID: ASB-1572-U82C
Counsel for Plaintiff,
Mesa Underwriters Specialty Insurance Company

OF COUNSEL:
FRIEDMAN, DAZZIO,
ZULANAS & BOWLING, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
Email: czulanas@friedman-lawyers.com

Telephone: (205) 278-7000
Facsimile: (205) 278-7001

**Please Serve Defendants Via Certified Mail:**

Sandra Rogers
c/o Desmond V. Tobias and Jason S. McCormick
TOBIAS, MCCORMICK & COMER, LLC
1203 Dauphin Street
Mobile, Alabama 36604

Crane Inspection Services, Inc.
c/o James E. Pritchett
7 ½ White Avenue
Fairhope, AL 36532